# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LAMYAA ALHUSSEIN,<br><br>               Plaintiff,<br>   v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>               Defendant. | CASE NO. 2:23-cv-01644-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND AND DENIAL OF MOTION TO APPOINT COUNSEL AS MOOT |

      Plaintiff Lamyaa Alhussein is challenging a decision by the United States Citizenship and Immigration Services ("USCIS") denying her application for citizenship. This matter is before the Court on its own motion and on Plaintiff's Motion to Appoint Counsel (Dkt. No. 8). Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint. Consequently, the Court also DENIES AS MOOT Plaintiff's

Motion to Appoint Counsel, but Plaintiff may renew her motion if she is able to file an amended complaint that cures the deficiencies noted in this Order.

On October 27, 2023, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. On November 3, Plaintiff's application for IFP status was granted (Dkt. No. 5), and her Complaint was filed on the docket (Dkt. No. 6). On December 6, Plaintiff filed a Motion to Appoint Counsel. Dkt. No. 8.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without and attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019)

("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Here, Plaintiff's Complaint lacks sufficient factual detail to plausibly state a claim for the relief request. The only factual allegation included in Plaintiff's complaint is that USCIS denied her application for citizenship, which has had negative impacts on herself and her children. Dkt. No. 6 at 5. The Court is unable to determine from the face of the complaint if review of Plaintiff's application for citizenship is appropriate without more detail regarding, at a minimum, the reason(s) for USCIS's denial and why Plaintiff believes USCIS's denial was wrong. For this reason, the Court must DISMISS Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore GRANT Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Ashcroft v. Iqbal,* 556 U.S. 662, 672 (2009), to state a plausible claim for relief by **no later than Friday, February 2, 2024**. If Plaintiff fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Accordingly, the Court further finds that Plaintiff's Motion to Appoint Counsel (Dkt. No. 8) is MOOT, as the case is being dismissed, and further ORDERS the motion be STRICKEN. Plaintiff may file a new motion for appointment of counsel once she files her amended complaint.

Dated this 3rd day of January, 2024.

Tana Lin
United States District Judge